# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CARLOS RAY FRAZIER**                                           **PLAINTIFF**
**#650936**

V.                 NO. 4:22-cv-00614-JM-ERE

**S. BAKER,** *et al.*                                               **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.  Procedures for Filing Objections:**

This Recommendation for dismissal has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within 14 days of the date of this Recommendation. If you do not file objections, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.  Discussion:**

Plaintiff Carlos Ray Frazier, an inmate at the W.C. Brassell Adult Detention Center ("Detention Center"), filed this federal civil rights case *pro se* under 42 U.S.C. § 1983. *Doc.2*.

In the complaint, Mr. Frazier sues the Defendants in their official capacity only. Because Mr. Frazier's complaint fails to allege that he suffered any constitutional injury as the result of any Jefferson County custom or policy, Mr. Frazier fails to state a plausible claim for relief against the named Defendants.[1] In addition, Mr. Frazier attempted to bring multiple unrelated claims against multiple defendants in this lawsuit.[2]

In a July 28, 2022 Order, the Court advised Mr. Frazier that it would postpone the screening process mandated by 28 U.S.C. § 1915A[3] and gave him an opportunity to file an amended complaint to clarify his constitutional claims. *Doc. 7*. The July

---

[1] The Court previously explained that Mr. Frazier's claims against Defendants in their official capacities are actually claims against Jefferson County itself. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). Jefferson County cannot be held vicariously liable, in this § 1983 action, for the actions of its employees. See *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692-93 (1978); *Parrish*, 594 F.3d at 997. Rather, Jefferson County can be held liable only if an official county policy or widespread custom was the "moving force" behind the alleged constitutional violation. See *Luckert v. Dodge Cnty.*, 684 F.3d 808, 820 (8th Cir. 2012); *Jenkins*, 557 F.3d at 633.

[2] Mr. Frazier alleges that: (1) on June 23, 2022, Defendant Baker used excessive force against him; (2) the conditions of his confinement are unconstitutional; (3) Detention Center staff has retaliated against him; (4) Defendant Baker has acted with deliberate indifference to his safety; (5) Defendants Baker and Smith have denied him the ability to monitor his blood sugar; (6) Defendant Baker violated his due process rights; (7) Detention Center staff has denied him access to the law library and yard call; (8) Defendant Baker has confiscated his legal mail; and (9) in March 2022, Defendant Smith denied him medical attention.

[3] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

28 Order provided Mr. Frazier thirty days to file an amended complaint: (1) identifying in what capacity he is suing the Defendants; (2) only including claims arising out of the same transaction or occurrence that he intends to pursue in this case; (3) specifically identifying only those Defendants involved in the events giving rise to the claim or claims he is pursuing in this case; and (4) stating how those Defendants have caused him to suffer a constitutional injury. *Doc. 9*. The Court cautioned Mr. Frazier that, if he failed to file an amended complaint, the Court would screen his original complaint, which was likely to result in the dismissal of some or all of his claims.

To date, Mr. Frazier has not filed an amended complaint clarifying his constitutional claims, and the time to do so has passed. Thus, the Court will screen the original complaint.

Because Mr. Frazier fails to: (1) state how he suffered any injury as a result of any Jefferson County policy or custom; or (2) sue the Defendants in their individual capacity, he has failed to state a plausible constitutional claim under 42 U.S.C. § 1983 against any of the named Defendants.

### III.   **Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1.   Mr. Frazier's claims be DISMISSED, without prejudice, based on his failure to state a plausible claim for relief against the named Defendants.

2. The Clerk be instructed to close this case.

Dated this 30th day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE